**JAVIER H., et al., Plaintiffs,**

v.

**Maria GARCIA–BOTELLO, et al., Defendants.**

No. 02–CV–0523S(Sr).

United States District Court, W.D. New York.

April 22, 2003.

Daniel Werner, Farmworker Legal Services of New York, Inc., New Paltz, NY, for plaintiffs.

John J. Lavin, Buffalo, NY, Sean Dennis Hill, Hill & McCready, Buffalo, NY, Monte B. Lake, Christine M. Cooper, Natalie K. Brouwer, McGuiness, Norris & Williams, LLP, Washington, DC, for defendants.

Gretchen L. Wylegala, U.S. Attorney's Office, Buffalo, NY, for movant.

**ORDER**

SCHROEDER, United States Magistrate Judge.

Plaintiffs have filed a motion for leave to execute alternative service by publication of the Summons and First Amended Complaint upon defendant Rogelio Espinoza. Dkt. # 31.

In support of their motion, plaintiffs have submitted a declaration from a Special Agent for the Immigration and Naturalization Service stating that Rogelio Espinoza has been indicted in the Western District of New York on multiple violations of federal criminal law, but remains at large and is considered a fugitive. Dkt. # 33, Exh. A & C. Plaintiffs' attorney has also submitted a declaration stating that plaintiffs retained a professional process server to serve the Summons and First Amended Complaint upon Rogelio Espinoza, but the process server was unable to locate him. Dkt. # 33, ¶¶ 3, 8–9. Plaintiffs have successfully served, *inter alia*, co-defendants Maria Garcia–Botello, Jose I. Garcia, Jose J. Garcia, and Elias Botello, each of whom are related to Mr. Espinoza. Dkt. # 33, Exh. C & D. Mr. Espinoza, whose primary language is Spanish, is believed to remain in the area of Mission, Texas, where several Spanish newspapers are published, including *El Nuevo Heraldo, El Periodico USA,* and *El Extra.* Dkt. # 33, ¶¶ 4–7.

■ "Service by publication may be permissible when service is otherwise impossible and when it is reasonable to conclude that the defendant is likely to read the newspaper in which the notice is published, particularly when the defendant is otherwise on notice that there may be a case pending against him." *Securities & Exchange Commission v. HGI, Inc.,* 1999 WL 1021087 (S.D.N.Y. 1999); *see Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ( "in the case of persons missing, employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights."); *Securities & Exchange Commission v. Tome,* 833 F.2d 1086, 1092 (2d Cir. 1987) ("Where the plaintiff can show that deliberate avoidance and obstruction by the defendants have made the giving of notice impossible, statutes and caselaw have allowed substitute notice by mail and publication in media of general and wide circulation").

■ Having demonstrated that Mr. Espinoza is a fugitive from the criminal justice system but is likely aware of the pending civil action through his relatives, who are co-defendants in this action as well as the criminal action, and the Court finding that it is reasonable to conclude that Mr. Espinoza is likely to read a newspaper published in his primary language and circulated in the region of his last known address, plaintiffs' motion for leave to execute alternative service by publication (Dkt.# 31), is hereby **GRANTED.**

Plaintiffs may serve the defendant Rogelio Espinoza, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 308(5) of the New York Civil Practice Law & Rules, by publishing the attached legal notice in Spanish in *El Nuevo Heraldo* for a period of six consecutive days and in one weekly edition of *El Periodico USA* and *El Extra.*

The Clerk of the Court is directed to execute the attached Notice by Publication.

**SO ORDERED.**